Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000765
25-NOV-2015
08:00 AM

NO. CAAP-14-0000765

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CARMEN ETHEL ROLLISON, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(1DTA-13-03061)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Carmen Ethel Rollison (Rollison) appeals from the March 17, 2014 Judgment entered by the District Court of the First Circuit, Honolulu Division (District Court).[1]

Rollison was convicted of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2014).

On appeal, Rollison contends the District Court erred by (1) incorporating her pretrial motion to suppress into the trial over her objection, (2) conducting a hearing on pretrial motions on the same day as trial, (3) depriving her of the right to transcripts of pretrial motions, (4) denying her motion to suppress her breath test for lack of a warrant, (5) denying her motion to dismiss for failure to be advised of the right to counsel pursuant to HRS § 803-9, (6) denying her motion to dismiss because the complaint was fatally defective for failing to define the term "alcohol," (7), failing to find a Brady violation when the State demanded payment as a condition to

---

[1]     The Honorable David W. Lo presided.

inspect discovery, (8) admitting the sworn statements of an intoxilyzer supervisor without providing her with the opportunity to confront the witness, and (9) taking judicial notice that the intoxilyzer's accuracy verification process and approval of the internal standards accuracy verification.

The State concedes that the District Court erred by failing to hold a separate hearing on Rollison's motion to suppress prior to trial.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Rollison's points of error as follows:

(1)  Rollison claims the District Court erred by incorporating testimony on her pretrial motion to suppress into the trial over her objection.  The State concedes that this was reversible error under State v. Thomas, 72 Haw. 48, 805 P.2d 1212 (1991).  "[A] motion to suppress made before trial shall be determined before trial."  Rule 12(e) of the Hawai'i Rules of Penal Procedure (HRPP).  "[F]ailure to decide a motion to suppress prior to trial constitutes reversible error."  Thomas, 72 Haw. at 53, 805 P.2d at 1214 (citing State v. Rodgers, 70 Haw. 156, 776 P.2d 675 (1988)).  "The only occasion where a court need not decide a motion to suppress prior to trial is where the parties agree to consolidate the hearing on the motion with trial pursuant to our holding in State v. Doyle, 64 Haw. 229, 638 P.2d 332 (1981)."  Id.  Rollison filed her Motion to Suppress on November 4, 2013, prior to the start of her trial on January 6, 2014.  Rollison objected to incorporation of testimony for pretrial motions into trial.  Therefore, the District Court erred by failing to determine Rollison's motions to suppress prior to trial which constituted reversible error.

(2)  The District Court did not err by conducting a hearing on pretrial motions on the same day as trial.  Rollison cites the plain language of HRPP Rule 12(e) which states "A motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue or until after verdict; . . . ."  However, in Thomas, the Hawai'i Supreme Court stated that a

2

hearing immediately prior to the start of trial arguably complied with the requirement that a motion be determined before trial pursuant to HRPP Rule 12(e). Id. at 54, 805 P.2d at 1214. The plain language of HRPP Rule 12(e) only requires that a pretrial motion be determined prior to trial, it does not require that pretrial motions be determined on a different day prior to trial.

(3) Rollison contends that her due process rights were violated because she was denied the ability to obtain transcripts of testimony from pretrial motions when the motions were heard contemporaneously with trial. As noted above, the District Court erred by failing to determine the motion to suppress prior to trial. Therefore, the point is moot.

(4) Rollison contends that the District Court erred by denying her motion to suppress because the State failed to obtain a warrant for her breath sample and relied solely upon her implied consent. Contrary to Rollison's claim, the State obtained Rollison's express written consent to provide a breath sample when she signed the "Use of Intoxicants While Operating A Vehicle Implied Consent For Testing" form on July 6, 2013. In the form, Rollison acknowledged, among other things, that she could refuse to take a breath or blood test and that none would be given, and she agreed to take a breath test. There is no evidence to demonstrate that Rollison withdrew her consent prior to providing a breath sample. Therefore, the State was not required to obtain a warrant for her breath sample.

(5) The District Court did not err by denying a motion to dismiss for Rollison's failure to be advised of the right to counsel, pursuant ot HRS § 803-9. State v. Won, 134 Hawai'i 59, 74, 332 P.3d 661, 676 (App. 2014), cert. granted SCWC-12-0000858 (Jun. 24, 2014).

(6) The District Court did not err by denying Rollison's motion to dismiss because the compliant was not fatally defective for failing to define the term "alcohol." State v. Turping, CAAP-13-0002957 2015 WL 792715 at *6 (App. Feb. 25, 2015), cert denied, SCWC-13-0002957 (May 20, 2015).

(7) Rollison contends that the District Court erred in failing to find a Brady violation when the State demanded payment as a condition to inspect discovery. In denying Rollison's

motion to dismiss on <u>Brady</u> grounds, the District Court found that there was no <u>Brady</u> violation because the State timely made discovery available, but Rollison refused to pay for copying costs.

We note that the State cites no authority for the proposition that it may condition the disclosure of <u>Brady</u> materials, or discovery in general, on the defendant paying copying costs. While it may be permissible for the State to charge a defendant for copying costs where the defendant requests copies of materials subject to disclosure, the State cannot condition the disclosure of <u>Brady</u> material or discovery on the payment for copies that the defendant does not want. <u>See</u> HRPP Rule 16(e)(1) (providing that the parties may perform their obligations of disclosure in any manner mutually agreed upon or by notifying the attorney for the other party that discovery materials may be "inspected, obtained, tested, copied or photographed at specified reasonable times and places"). Thus, the District Court erred to the extent that it found no <u>Brady</u> violation because Rollison refused to pay for copying costs.

On the other hand, discovery under HRPP Rule 16 is subject to the trial court's discretion in non-felony cases,[2] and Rollison's motion to dismiss was based solely on the theory that he was entitled to <u>Brady</u> material. Relying on <u>State ex rel Marsland v. Ames</u>, 71 Haw. 304, 314, 788 P.2d 1281, 1286 (1990), Rollison argued below that the State was required to provide "the relevant waiver forms, Intoxilyzer and/or blood test results, operational checklists, witness statements, and maintenance logs," without submitting a written request for disclosure or motion to compel discovery. However, <u>Ames</u> did not decide these items were required to be disclosed under <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963).[3]

---

[2]     HRPP Rule 16 "is limited to cases in which the defendant is charged with a felony" except that "[u]pon a showing of materiality and if the request is reasonable, the court in its discretion may require disclosure as provided for in this Rule 16 in cases other than those in which the defendant is charged with a felony[.]" HRPP Rule 16(a) and (d).

[3]
>       We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to
>                                                                 (continued...)

Moreover, Rollison did not take steps to ensure that the contested materials were included in the record on appeal. Accordingly, this court has no basis on which to determine whether they qualify as <u>Brady</u> material. On remand, the District Court should determine whether Rollison is entitled to disclosure of any challenged material under <u>Brady</u> and the extent to which Rollison is entitled to discovery under HRPP Rule 16(d).

(8) The District Court did not err by admitting the sworn statements of an intoxilyzer supervisor because the admission of the exhibits did not violate Rollison's right to confrontation. <u>State v. West</u>, 135 Hawai'i 406, 353 P.3d 409, CAAP-12-0000717 2015 WL 3422156 at *3-4 (App. May 27, 2015) (SDO), <u>cert. denied</u> SCWC-12-0000717 (Oct. 9, 2015).

(9) The District Court did not err by taking judicial notice of the intoxilyzer's accuracy verification process and approval of the internal standards accuracy verification. <u>Id.</u> at *2-3.

Therefore,

IT IS HEREBY ORDERED that the March 17, 2014 Judgment entered by the District Court of the First Circuit, Honolulu Division is vacated and the case is remanded for a new trial consistent with this disposition.

DATED: Honolulu, Hawai'i, November 25, 2015.

On the briefs:

Kevin O'Grady,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[3](...continued)
<u>Brady</u>, 373 U.S. at 87. Subsequently, the Court included impeachment evidence within the <u>Brady</u> rule. <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985) ("In the present case, the prosecutor failed to disclose evidence that the defense might have used to impeach the Government's witnesses by showing bias or interest. Impeachment evidence, however, as well as exculpatory evidence, falls within the <u>Brady</u> rule.")